# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
05/14/2020
CT Log Number 537666383

TO: Jasmine Smith
Solar Turbines Incorporated
2200 Pacific Hwy, Lgl. Dept. B-4
San Diego, CA 92101-1773

RE: **Process Served in California**

FOR: Solar Turbines Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOSE DIAZ, INDIVIDUALLY, AND AS A REPRESENTATIVE OF OTHER AGGRIEVED EMPLOYEES, Pltf. vs. SOLAR TURBINES, INC., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 20STCV16985 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/14/2020 at 13:04 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780113655432 |
| | Image SOP |
| | Email Notification, Jasmine Smith smith_jasmine_m@solarturbines.com |
| | Email Notification, Betsy Allen ALLEN_BETSY_J@SOLARTURBINES.COM |
| | Email Notification, Cathy Silotto silotto_cathy@cat.com |
| | Email Notification, Trish Colwell colwell_patricia_a@cat.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900 Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / SM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 30 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOLAR TURBINES, INC., a Corporation, and DOES 1 through 250, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE DIAZ, individually, and as a representative of other aggrieved employees,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* LASC - Spring Street Courthouse <br> 312 N. Spring St (A) <br> Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* <br> **20STCV16985** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Buchsbaum & Haag, LLP, 100 Oceangate, Suite 1200, Long Beach, CA 90802

| DATE: April 28, 2020 APR 30 2020 | Sherri R. Carter, Clerk | Clerk, by | STEVEN DREW | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served <br> 1. ☐ as an individual defendant. <br> 2. ☐ as the person sued under the fictitious name of *(specify)*: <br> 3. ☒ on behalf of *(specify)*: **Solar Turbines, Inc.** <br> under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) <br> ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) <br> ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person) <br> ☐ other *(specify)*: <br> 4. ☐ by personal delivery on *(date)*: |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

LAW OFFICES OF BUCHSBAUM & HAAG, LLP
BRENT S. BUCHSBAUM, CSBN: 194816
brent@buchsbaumhaag.com
LAUREL N. HAAG, CSBN: 211279
laurel@buchsbaumhaag.com
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone: (562) 733-2498
Fax: (562) 733-2498

Attorneys for Plaintiffs

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 3 0 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Steven Drew

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

JOSE DIAZ, individually, and as a
representative of other aggrieved
employees,

            Plaintiff,

        vs.

SOLAR TURBINES, INC. a
Corporation, and DOES 1 through 250,
inclusive,

           Defendants.

Case No.: **20STCV16985**

**CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 510, 1194, 1198 (Unpaid Overtime and Minimum Wages);
(2) Violation of California Labor Code §§ 226(a) and 1174 (Non-compliant Wage Statements);
(3) Violation of California Labor Code §§ 201-203 (Failure to Pay All Wages and on a Timely Basis);
(4) Violation of Labor Code 226.7, 512(a) (Unpaid Meal Period Premiums;
(5) Violation of Labor Code 226.7 (Unpaid Rest Period Premiums)

(6) Violation of California Business & Professions Code §§ 17200, et seq.

**BY FAX**

**DEMAND FOR JURY TRIAL**

Plaintiff Jose Diaz ("Plaintiff") individually, and as a representative of other aggrieved employees, allege as follows:

## INTRODUCTION

1.      This is an action brought by the Plaintiff, pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant Solar Turbines, Inc. ("Defendant") at all times herein mentioned.

2.      Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law and regulations.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

4.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

5.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

6.      Venue is proper in this Court pursuant to § 395(a) of the California Code of Civil Procedure, because many of the acts and omissions giving rise to the causes of action stated herein occurred or arose in the County of Los Angeles, State of California.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

**THE PARTIES**

7.     Plaintiff was at all relevant times a citizen of the State of California.  Plaintiff worked as a laborer in a non-exempt position for Defendants.

8.     Plaintiff reserves his right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Salsa v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

9.     Defendant was and is, upon information and belief, a corporation, with a corporate headquarters and principal place of business in the State of California.  At all times hereinafter mentioned, Defendant was an employer whose employees are engaged throughout this county, and the State of California.

10.     Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 through 250, inclusive, and therefore, sues said Defendants by such fictitious names.  Each of the DOE Defendants was in some manner legally responsible for the violations alleged herein.  Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.     At all times mentioned herein, the Defendants named as DOES 1 through 250, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved employees in the State of California.

12.     At all times mentioned herein, each Defendant was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

13.     Defendant SOLAR TURBINES, INC ("SOLAR TURBINES") and DOES 1 through 250 are collectively referred to herein as "Defendants."

14.     Plaintiffs are informed and believe that Defendants currently employ, and during the Class period have employed at least one hundred employees in the State of California in non-exempt and/or hourly positions.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200 , SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1

2

## FACTUAL ALLEGATIONS

15.    Defendant is involved in producing industrial gas turbine engines, among other

things, and hires employees to carry out the services at its locations in California.

Plaintiff worked for Defendants as a machinist from October of 2016 until February 10, 2020.

During this period of time, the Respondent classified Claimant and other aggrieved laborers as

"salaried," non-exempt employees, where they were essentially paid hourly based on their

weekly salary divided by 40 hours. The Respondent also paid "differential" pay for night work,

which was a premium paid on top of the salary. However, the Respondent failed to include that

differential pay in calculating the "regular rate of pay" for overtime purposes. Instead, the

overtime was simply paid at 1.5 times the "base rate." The same error occurs with doubletime,

so that doubletime was routinely underpaid as well. Additionally, productivity bonuses, which

were based on a formula, were not included in the regular rate calculation, leading to further

overtime underpayments.

16.    As a result of this calculation error, the Respondent repeatedly underpaid

Claimant and other aggrieved employees the amount of overtime they were due. The failure

to pay these wages violated Labor Code §510. And because these overtime wages were not

paid, they were also not paid on time, violating Labor Code §204's requirements for the

deadline to pay all wages due on a bi-monthly or bi-weekly basis. Further, when employees

were terminated, they were not paid all wages due, including these overtime wages,

immediately upon termination, in violation of Labor Code §201, 202 and 203. Further, the

paystubs are inaccurate in that the daily work is frequently just rounded off to 8 hours and are

not consistent with the daily time records. The overtime rates are also incorrect.

17.    Plaintiff is informed and believes that the Defendant manually alters daily time

records to hide meal and rest period violations. Plaintiff and other class members would

frequently have a set meal period that was more than 5 hours into the shift, and then the

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200,, SUITE 1200
LONG BEACH, CALIFORNIA, 90802

1  Defendants would alter the daily time records to make it look like the meals occurred within

2  the first 5 hours. The daily time records the company uses to pay employees are not

3  consistent with the timeclock punches and are rounded in a way that disadvantages plaintiff

4  and the Class members, leading to large scale, cumulative underpayments to Class Members.

5       18.    The information the Defendant put in the itemized wage statements or paystubs

6  was fraudulent and inaccurate. There were deliberate mischaracterizations of the total hours

7  worked, causing damage to Plaintiff and class members who could not readily discern what

8  was truly owed, and ultimately necessitated hiring lawyers to pursue this lawsuit.

9       19.    The Defendants failed to promulgate compliant meal and rest period policies,

10  and failed to provide meal and rest breaks at appropriate intervals, and in some cases did not

11  provide them at all.

12       20.    The Defendants required employees to work seven days during a workweek, in

13  violation of the "day of rest" provisions of Labor Code §§551-552. The Defendant also failed

14  to pay doubletime compensation to plaintiff and class members for working more than 8 hours

15  on the seventh day.

16

17                        **CLASS ACTION ALLEGATIONS**

18       21.    Plaintiff brings this action individually, as well as on behalf of each and all

19  other persons similarly situated in a concerted effort to improve wages and working

20  conditions for other non-exempt and/or hourly employees, and thus seeks class certification

21  under Code of Civil Procedure § 382.

22       22.    All claims alleged herein arise under California law for which Plaintiff seeks

23  relief authorized by California law.

24       23.    The proposed Class consists of and is defined as:
               All current and former California employees of Defendant who
25             worked as laborers or any other non-exempt position during the
               4 years preceding the filing of this Complaint. The proposed
26             sub-classes consist of and are defined as:

27             OVERTIME SUB-CLASS: All members of the Class who were
               not paid accurate overtime compensation for all hours worked in
28             excess of eight hours per day and/or forty hours per week.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

**MEAL AND REST SUB-CLASS:** All members of the Class who were denied meal and rest period premiums when they were entitled to them under the meal and rest period laws.

**WAITING TIME SUB-CLASS:** All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages within the times specified by California Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages.

24. Plaintiff reserves the right to establish additional sub-classes as appropriate.

25. At all material times, Plaintiff was a member of the Class.

26. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) <u>Numerosity</u>: The members of the class (and each subclass) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest. Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

(c) <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any Class member. Plaintiff's attorneys, the proposed

BUCHSBAUM & HAAG, LLP<br>100 OCEANGATE, SUITE 1200, SUITE 1200<br>LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1     Class counsel, are versed in the rules governing class action discovery,

2     certification, and settlement.

3     (d)     Superiority: The nature of this action makes the use of class action

4              adjudication superior to other methods. Class action will achieve

5              economies of time, effort, and expense as compared with separate

6              lawsuits, and will avoid inconsistent outcomes because the same issues

7              can be adjudicated in the same manner and at the same time for the

8              entire class.

9     (e)     Public Policy Considerations: Employers in the State of California

10             violate employment and labor laws every day. Current employees are

11             often afraid to assert their rights out of fear of direct or indirect

12             retaliation. Former employees are fearful of bringing actions because

13             they believe their former employers might damage their future

14             endeavors through negative references and/or other means. Class

15             actions provide the Class members who are not named in the complaint

16             with a type of anonymity that allows for the vindication of their rights at

17             the same time as their privacy is protected.

18     27.     There are common questions of law and fact as to the Class (and each subclass)

19     that predominate over questions affecting only individual members, including but not limited

20     to:

21     (a)     Whether Defendants' failure to pay overtime wages, without abatement

22             or reduction, in accordance with the California Labor Code, was willful;

23     (b)     Whether Defendants' timekeeping system and policies failed to record

24             all hours worked by Plaintiffs and Class members;

25     (c)     Whether Defendants owe Plaintiffs and Class members overtime pay for

26             work over eight hours per day and/or over forty hours per week;

27     (d)     Whether Defendants' conduct was willful or reckless;

28     (e)     Whether Defendants violated California Labor Code § 226 by failing to

CLASS ACTION COMPLAINT

1     timely furnish Plaintiff and Class members with accurate wage

2     statements or appropriate meal and rest periods;

3     (f)    Whether Defendants failed to timely pay all wages due to Plaintiff and

4     Class members upon their discharge or resignation;

5     (g)    Whether Defendants engaged in unfair business practices in violation of

6     California Business & Professions Code § 17200, et seq.; and

7     (h)    The appropriate amount of damages, restitution, or monetary penalties

8     resulting from Defendants' violations of California law.

9

10     **FIRST CAUSE OF ACTION**

11     **Violation of California Labor Code §§ 510—Unpaid Overtime**

12     **(By the Plaintiff and Class against All Defendants)**

13     28.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

14     29.    California Labor Code § 510 provides that employees in California shall not be

15     employed more than eight hours in any workday or forty hours in a workweek unless they

16     receive additional compensation beyond their regular wages in amounts specified by law.

17     California Labor Code § 510 further provides that any work in excess of twelve hours in one

18     day and for all hours worked in excess of eight hours on the seventh consecutive day of work

19     in a workweek shall be compensated at the rate of no less than twice the regular rate of pay

20     for an employee.

21     30.    California Labor Code §§ 1194 and 1198 provide that employees in California

22     shall not be employed more than eight hours in any workday unless they receive additional

23     compensation beyond their regular wages in amounts specified by law. Additionally,

24     California Labor Code § 1198 states that the employment of an employee for longer hours

25     than those fixed by the IWC is unlawful. The governing Wage Order of the IWC requires,

26     among other things, payment of a premium wage rate for all hours worked in excess of eight

27     hours per day or forty hours per week.

28     31.    At all times relevant hereto, Defendants failed to pay Plaintiff and Class

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

members accurate overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198 as described in more detail above. The overtime rate was repeatedly miscalculated, as well as the doubletime rate by failing to include differential pay in the "regular rate" calculation. There was also rounding that eliminated overtime in some cases for plaintiff and the class.

32. By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class members for their overtime hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

33. Plaintiff and Class members request recovery of overtime compensation and minimum wage compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), liquidated damages under Labor Code §1194.2, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes. Further, Plaintiff and Class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 226(a)—

### Non-compliant Wage Statements

### (By the Plaintiff and Class and against all Defendants)

34. Plaintiff incorporates all paragraphs above as though fully set forth herein.

35. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1    that all deductions made on written orders of the employee may be aggregated and shown as

2    one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee

3    is paid, (7) the name of the employee and the last four digits of his or her social security

4    number or an employee identification number other than a social security number, (8) the

5    name and address of the legal entity that is the employer, and (9) all applicable hourly rates

6    in effect during the pay period and the corresponding number of hours worked at each hourly

7    rate by the employee.

8        40.    Defendants have intentionally and willfully failed to provide employees with complete

and accurate wage statements. The deficiencies include, among other things, the failure to correctly

identify the total hours worked and the gross wages earned by Plaintiff and Class members; the

correct deductions; meal and rest premiums; and the overtime hours worked by Plaintiff and

Class members.

13        41.    Additionally, as a result of Defendants conduct as alleged herein, Defendants

14    failed to maintain accurate records on actual hours worked by Plaintiff and Class members.

15    Therefore, Defendants have also violated California Labor Code § 1174.

16        42.    As a result of Defendants' violation of California Labor Code §§ 226(a) and

17    1174, Plaintiff and Class members have suffered injury and damage to their statutorily-

18    protected rights.

19        43.    Specifically Plaintiff and Class members have been injured by Defendants'

20    intentional violation of California Labor Code § 226(a) because they were denied both their

21    legal right to receive, and their protected interest in receiving, accurate, itemized wage

22    statements under California Labor Code § 226(a).

23        44.    Plaintiff was also injured as a result of having to bring this action to attempt to

24    obtain correct wage information following Defendants' refusal to comply with many of the

25    mandates of California's Labor Code and related laws and regulations.

26        45.    Plaintiff and Class members are entitled to recover from Defendants the greater

27    of their actual damages caused by Defendants' failure to comply with California Labor Code §

28    226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1    46.    Plaintiff and Class members are also entitled to injunctive relief to ensure

2    compliance with this section, pursuant to California Labor Code § 226(g).

3

4                          **THIRD CAUSE OF ACTION**

5                   **Violation of California Labor Code §§ 201-203—**

6                   **Failure to Pay All Wages and on a Timely Basis**

7                   **(By the Plaintiff and Class and against all Defendants)**

8    47.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

9    48.    As alleged herein, Plaintiffs and Class members did not receive minimum,

10   overtime and regular wages during their employment and at the time of termination, as

11   applicable.

12   49.    At all relevant times herein and as alleged herein, Defendants failed to pay to

13   Plaintiff and Class members all wages by the times required by law in that the time periods set

14   forth by California Labor Code § 204 regarding the time of wage payments were not adhered

15   to and all regular wages were not paid.

16   50.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that

17   if an employer discharges an employee, the wages earned and unpaid at the time of discharge

18   are due and payable immediately, and that if an employee voluntarily leaves his or her

19   employment, his or her wages shall become due and payable not later than 72 hours thereafter,

20   unless the employee has given 72 hours previous notice of his or her intention to quit, in

21   which case the employee is entitled to his or her wages at the time of quitting.

22   51.    During the relevant time period, Defendants willfully failed to pay Plaintiffs

23   and Class members who are no longer employed by Defendants their wages, earned and

24   unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants'

25   employ.

26   52.    Plaintiff's and Class members' final paychecks did not include all wages,

27   including overtime wages, owed to Plaintiff and Class members.

28   53.    Defendants' failure to pay Plaintiff and those Class members who are no longer

Page 10

CLASS ACTION COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1  employed by Defendants their wages earned and unpaid at the time of discharge is in violation

2  of California Labor Code §§ 201 and 202.

3      54.    California Labor Code § 203 provides that if an employer willfully fails to pay

4  wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall

5  continue as a penalty from the due date, and at the same rate until paid or until an action is

6  commenced; but the wages shall not continue for more than thirty days.

7      55.    Plaintiffs and Class members are entitled to recover from Defendants their

8  additionally accruing wages for each day they were not paid, at their regular hourly rate of

9  pay, up to thirty days maximum pursuant to California Labor Code § 203.

10     56.    Plaintiffs and Class members seek to recover the unpaid balance of the full

11 amount of the unpaid regular wages and interest thereon, reasonable attorneys' fees and costs

12 of the suit to the fullest extent permissible including those permitted pursuant to the California

13 Labor Code §§ 203, 218.5, 218.6 and Code of Civil Procedure § 1021.5.

14

15

16

17           **FOURTH CAUSE OF ACTION**

18 **Violation of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

19           **(By the Plaintiff and Class and against all Defendants)**

20

21     57.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

22     58.    The applicable IWC Wage Order and California Labor Code §§ 226.7 and

23 512(a) were applicable to Plaintiff's employment by Defendants.

24     59.    California Labor Code § 226.7 provides that no employer shall require an

25 employee to work during any meal period mandated by an applicable order of the California

26 IWC.

27     60.    The applicable IWC Wage Order and California Labor Code § 512(a) provide

28 that an employer may not require, cause or permit an employee to work for a period of more

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

than five hours per day without providing the employee with an uninterrupted meal period of not less than thirty minutes, except that if the total work period per day of the employee is not more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.

61. Plaintiff and Class members were required to work for periods longer than five hours without an uninterrupted meal period of not less than thirty minutes. Plaintiff and Class members were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof in violation of, among others, California Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

62. Defendants willfully required Plaintiff and Class members to work during meal periods and failed to compensate Plaintiff and Class members for work performed during meal periods.

63. Defendants failed to pay Plaintiff and Class members the full meal period premium due pursuant to California Labor Code § 226.7.

64. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

65. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff and Class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums
### (By the Plaintiff and Class and against all Defendants)

66. Plaintiff incorporates all paragraphs above as though fully set forth herein.

67. The applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's employment by Defendants.

68. California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

IWC.

69. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof" unless the total daily work time is less than three and one-half hours.

70. Defendants required Plaintiff and Class members to work four or more hours without authorizing or permitting a ten minute rest period per each four hour period worked.

71. Defendants willfully required Plaintiff and Class members to work during rest periods and failed to compensate Plaintiff for work performed during rest periods.

72. Defendants failed to pay Plaintiff and Class members the full rest period premium due pursuant to California Labor Code § 226.7.

73. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

74. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff and Class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (By the Plaintiff and Class and against all Defendants)

75. Plaintiffs incorporates all paragraphs above as though fully set forth herein.

76. Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

77. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, Class members, and to the general public. Plaintiffs seek

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    to enforce important rights affecting the public interest within the meaning of Code of Civil

2    Procedure § 1021.5.

3         78.    Defendants' activities, as alleged herein, are violations of California law, and

4    constitute unlawful business acts and practices in violation of California Business &

5    Professions Code § 17200, et seq.

6         79.    A violation of California Business & Professions Code § 17200, et seq. may be

7    predicated on the violation of any state or federal law.  All of the acts described herein as

8    violations of, among other things, the California Labor Code and IWC Wage Orders, are

9    unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive,

10   fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent

11   business practices in violation of California Business and Professions Code § 17200, et seq.

12                **Failing to Pay Prevailing/Minimum Wages/Overtime**

13        80.    Defendants' failure to pay prevailing wage and overtime compensation and

14   other benefits in violation of California Labor Code §§ 510 and 1198 constitutes unlawful

15   and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

16                **Failing to Timely Pay Wages Upon Termination**

17        81.    Defendants' failure to timely pay wages upon termination in accordance with

18   California Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair

19   activity prohibited by Business and Professions Code § 17200, et seq.

20               **Failing to Provide Accurate Itemized Wage Statements**

21        82.    Defendants' failure to provide accurate itemized wage statements in accordance

22   with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair

23   activity prohibited by Business and Professions Code § 17200, et seq.

24                  **Failing to Accurately Record Hours Worked**

25        83.    Defendants' failure to accurately record working hours, including the beginning

26   and end of a meal period in accordance with California Labor Code § 558, 1174, and 1198, as

27   alleged above, constitutes unlawful and/or unfair activity prohibited by Business and

28   Professions Code § 17200, et seq.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

84.     By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiffs, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

85.     Plaintiff and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

86.     Plaintiff, individually, and on behalf of Class members, are entitled to, and do, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiffs have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiffs and Class members are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

87.     Plaintiff, individually, and on behalf of Class members, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

88.     Plaintiff, individually, and on behalf of Class members, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, have suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

89.     Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff and Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

1   Class members, disgorgement of profits obtained through payroll tax and worker's

2   compensation fraud; an award of attorneys' fees pursuant to California Code of Civil

3   Procedure § 1021.5 and other applicable laws; and an award of costs.

4

5                               **PRAYER FOR RELIEF**

6       Plaintiff, individually, and on behalf of all others similarly situated, pray for relief and

7   judgment against Defendants, jointly and severally, as follows:

8                               Class Certification

9   1.      That this action be certified as a class action;

10  2.      That Plaintiff be appointed as the representatives of the Class; and,

11  3.      That counsel for Plaintiff be appointed as Class Counsel.

12              (a) That the Court declare, adjudge and decree that Defendants

13                  violated California Labor Code §§ 510 and 1198, and applicable

14                  IWC Wage Orders by wilfully failing to pay all overtime wages

15                  and prevailing wages due to Plaintiff and Class members;

16              (b) For general unpaid wages at overtime wage rates and such

17                  general and special damages as may be appropriate;

18              (c) For pre-judgment interest on any unpaid overtime compensation

19                  commencing from the date such amounts were due;

20              (d) For reasonable attorneys' fees and for costs of suit incurred herein

21                  pursuant to California Labor Code § 1194(a); and,

22              (e) For such other and further relief as the Court may deem equitable

23                  and appropriate.

24  4.      For statutory penalties and liquidated damages under Labor Code 1194.2;

25              (a) For reasonable attorneys' fees and for costs of suit incurred herein;

26                  and for such other and further relief as the Court may deem

27                  equitable and appropriate.

28              (b) That the Court declare, adjudge and decree that Defendants

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1  violated the record keeping provisions of California Labor Code §

2  226(a) and applicable IWC Wage Orders as to Plaintiff and Class

3  members, and wilfully failed to provide accurate itemized wage

4  statements thereto;

5  (c) For all actual, consequential and incidental losses and damages,

6  according to proof;

7  5.  For statutory penalties pursuant to California Labor Code § 226(e);

8  (a) For injunctive relief to ensure compliance with this section,

9  pursuant to California Labor Code § 226(g); and,

10  (b) For such other and further relief as the Court may deem equitable

11  and appropriate.

12  (c) That the Court declare, adjudge and decree that Defendants

13  violated California Labor Code §§ 201, 202, and 203 by wilfully

14  failing to pay all compensation owed at the time of termination of

15  the employment of Plaintiff and other terminated Class members;

16  (d) For all actual, consequential and incidental losses and damages,

17  according to proof;

18  (e) For statutory wage penalties pursuant to California Labor Code §

19  203 for all Class members who have left Defendants' employ;

20  (f) For pre-judgment interest on any unpaid wages from the date

21  such amounts were due; and,

22  (g) For such other and further relief as the Court may deem equitable

23  and appropriate.

24  (h) That the Court declare, adjudge and decree that Defendants

25  violated the following California Labor Code §§ 510 and 1198

26  (by failing to provide Plaintiff and Class members all overtime

27  compensation);

28  (i) dollars ($100) for each violation per pay period for the initial

Page 17

CLASS ACTION COMPLAINT

1  violation and two hundred dollars ($200) for each aggrieved

2  (j) That the Court declare, adjudge and decree that Defendants

3  violated California Business and Professions Code §§ 17200, et

4  seq. by failing to provide Plaintiffs and Class members all

5  overtime compensation due to them; by failing to provide all meal

6  and rest periods and failing to pay for all missed meal and rest

7  periods; by failing to pay timely and earned wages upon

8  termination; and by failing to provide accurate itemized wage

9  statements;

10  (k) For restitution of unpaid wages to Plaintiffs and all Class

11  members and prejudgment interest from the day such amounts

12  were due and payable;

13  (l) For the appointment of a receiver to receive, manage and

14  distribute any and all funds disgorged from Defendants and

15  determined to have been wrongfully acquired by Defendants as a

16  result of violations of California Business & Professions Code §§

17  17200 et seq.;

18  (m) For reasonable attorneys' fees and costs of suit incurred herein

19  pursuant to California Code of Civil Procedure § 1021.5;

20  (n) For injunctive relief to ensure compliance with this section,

21  including amending company practices and policies, pursuant to

22  California Business & Professions Code § 17200, et seq.; and,

23  (o) For such other and further relief as the Court may deem equitable

24  and appropriate.

25

26

27

28  Respectfully Submitted,

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

Dated: April 28, 2020

THE LAW OFFICES OF BUCHSBAUM & HAAG
Limited Liability Partnership

By

Brent S. Buchsbaum
Attorneys for Plaintiff,


**DEMAND FOR JURY TRIAL**


Plaintiff hereby respectfully demands a jury trial.


Respectfully Submitted,

Dated: April 28, 2020

THE LAW OFFICES OF BUCHSBAUM & HAAG
Limited Liability Partnership

By

Brent S. Buchsbaum
Attorneys for Plaintiffs

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Brent S. Buchsbaum, CSBN: 194816;  Laurel N. Haag, CSBN: 211279
Law Offices of Buchsbaum & Haag, LLP
100 Oceangate, Suite 1200, Long Beach, CA 90802

TELEPHONE NO.: 562-733-2498     FAX NO. (Optional):  562-628-5501
ATTORNEY FOR (Name):  Plaintiff, JOSE DIAZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
JOSE DIAZ v. SOLAR TURBINES, INC., et al.,

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 3 0 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter | [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **20STCV16985** |
| | | | | JUDGE: |
| | | | | DEPT.: |

**BY FAX**

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[•] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 6
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: April 28, 2020
Brent S. Buchsbaum
_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: JOSE DIAZ v. SOLAR TURBINES, INC., et al., | CASE NUMBER | 20STCV16985 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

SHORT TITLE: JOSE DIAZ v. SOLAR TURBINES, INC., et al.,

CASE NUMBER

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | ☐ A6032 Quiet Title | 2, 6 |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Case 2:20-cv-02215-JWH-JWC Document 1-2 Filed 03/12/20 Page 28 of 53

| SHORT TITLE: JOSE DIAZ v. SOLAR TURBINES, INC., et al., | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: JOSE DIAZ v. SOLAR TURBINES, INC., et al., | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE:<br>90012 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the LASC - Spring Street _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: April 28, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

## NOTICE OF CASE ASSIGNMENT
## UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/30/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ S. Drew _____ Deputy

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 20STCV16985 |
|---|---|

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maren Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/05/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**