1  LAW OFFICES OF BUCHSBAUM & HAAG, LLP
2  BRENT S. BUCHSBAUM, CSBN: 194816
   *brent@buchsbaumhaag.com*
3  LAUREL N. HAAG, CSBN: 211279
   *laurel@buchsbaumhaag.com*
4  100 Oceangate, Suite 1200
   Long Beach, California 90802
5  Telephone: (562) 733-2498
   Fax: (562) 733-2498
6
   Attorneys for Plaintiffs
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10
11 JOSE DIAZ, individually, and as a      Case No.: 3:20-cv-01156-WQH-RBB
   representative of other aggrieved
12 employees,
                                          **FIRST AMENDED CLASS ACTION
13                                        COMPLAINT**
              Plaintiff,
14
       vs.                                (1) Violation of California Labor Code §§
15                                            510,
   SOLAR TURBINES, INC.  a                    1194, 1198 (Unpaid Overtime and
16 Corporation, and DOES 1 through            Minimum Wages);
   250, inclusive,                        (2) Violation of California Labor Code §§
17                                            226(a) and 1174 (Non-compliant Wage
              Defendants.                     Statements);
18
19                                        (3) Violation of California Labor Code §§
                                              201-203 (Failure to Pay All Wages and
20                                            on a Timely Basis);
                                          (4) Violation of Labor Code 226.7, 512(a)
21                                            (Unpaid Meal Period Premiums;
                                          (5) Violation of Labor Code 226.7 (Unpaid
22                                            Rest Period Premiums)
23                                        (6) Violation of California Business &
24                                            Professions Code §§ 17200, et seq.
25                                        (7) Violation of PAGA
26
27                                        **DEMAND FOR JURY TRIAL**
28

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

Plaintiff Jose Diaz ("Plaintiff") individually, and as a representative of other aggrieved employees, allege as follows:

## INTRODUCTION

1.    This is an action brought by the Plaintiff, pursuant to California statutory, decisional, and regulatory laws.   Plaintiff was an employee of Defendant Solar Turbines, Inc. ("Defendant") at all times herein mentioned.

2.    Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law and regulations.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

4.    This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

5.    Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

6.    Venue is proper in this Court pursuant to § 395(a) of the California

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1    Code of Civil Procedure, because many of the acts and omissions giving rise to

2    the causes of action stated herein occurred or arose in the County of Los

3    Angeles, State of California.

4

5                                   **THE PARTIES**

6          7.    Plaintiff was at all relevant times a citizen of the State of California.

7    Plaintiff worked as a laborer in a non-exempt position for Defendants.

8          8.    Plaintiff reserves his right to seek leave to amend this complaint to

9    add new plaintiffs, if necessary, in order to establish suitable representative(s)

10   pursuant to *La Salsa v. American Savings and Loan Association*, 5 Cal. 3d 864,

11   872 (1971), and other applicable law.

12         9.    Defendant was and is, upon information and belief, a corporation,

13   with a corporate headquarters and principal place of business in the State of

14   California.  At all times hereinafter mentioned, Defendant was an employer

15   whose employees are engaged throughout this county, and the State of

16   California.

17         10.   Plaintiffs do not know the true names or capacities of the persons or

18   entities sued herein as DOES 1 through 250, inclusive, and therefore, sues said

19   Defendants by such fictitious names.  Each of the DOE Defendants was in some

20   manner legally responsible for the violations alleged herein.  Plaintiffs will

21   amend this complaint to set forth the true names and capacities of these

22   Defendants when they have been ascertained, together with appropriate charging

23   allegations, as may be necessary.

24         11.   At all times mentioned herein, the Defendants named as DOES 1

25   through 250, inclusive, and each of them, were residents of, doing business in,

26   availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved

27   employees in the State of California.

28         12.   At all times mentioned herein, each Defendant was the agent,

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1    servant, or employee of the other Defendants and in acting and omitting to act as

2    alleged herein did so within the course and scope of that agency or employment.

3         13.    Defendant SOLAR TURBINES, INC ("SOLAR TURBINES") and

4    DOES 1 through 250 are collectively referred to herein as "Defendants."

5         14.    Plaintiffs are informed and believe that Defendants currently

6    employ, and during the Class period have employed at least one hundred

7    employees in the State of California in non-exempt and/or hourly positions.

8

9                         **FACTUAL ALLEGATIONS**

10        15.    Defendant is involved in producing industrial gas turbine engines,

11   among other things, and hires employees to carry out the services at its locations

12   in California.

13   Plaintiff worked for Defendants as a machinist from October of 2016 until

14   February 10, 2020.  During this period of time, the Respondent classified

15   Claimant and other aggrieved laborers as "salaried," non-exempt employees,

16

17   where they were essentially paid hourly based on their weekly salary divided by

18   40 hours.  The Respondent also paid "differential" pay for night work, which was

19   a premium paid on top of the salary.  However, the Respondent failed to include

20

21   that differential pay in calculating the "regular rate of pay" for overtime purposes.

22   Instead, the overtime was simply paid at 1.5 times the "base rate."  The same error

23   occurs with double time, so that double time was routinely underpaid as well.

24

25   Additionally, productivity bonuses, which were based on a formula, were not

26

27

28

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

included in the regular rate calculation, leading to further overtime underpayments.

16.    As a result of this calculation error, the Respondent repeatedly underpaid Claimant and other aggrieved employees the amount of overtime they were due.  The failure to pay these wages violated Labor Code §510.  And because these overtime wages were not paid, they were also not paid on time, violating Labor Code §204's requirements for the deadline to pay all wages due on a bi-monthly or bi-weekly basis.   Further, when employees were terminated, they were not paid all wages due, including these overtime wages, immediately upon termination, in violation of Labor Code §201, 202 and 203.   Further, the paystubs are inaccurate in that the daily work is frequently just rounded off to 8 hours and are not consistent with the daily time records.   The overtime rates are also incorrect.

17.    Plaintiff is informed and believes that the Defendant manually alters daily time records to hide meal and rest period violations.  Plaintiff and other class members would frequently have a set meal period that was more than 5 hours into the shift, and then the Defendants would alter the daily time records to make it look like the meals occurred within the first 5 hours.  The daily time records the company uses to pay employees are not consistent with the time clock punches and are rounded in a way that disadvantages plaintiff and the Class members, leading to large scale, cumulative underpayments to Class Members.

18.    The information the Defendant put in the itemized wage statements or paystubs was fraudulent and inaccurate.  There were deliberate mischaracterizations of the total hours worked, causing damage to Plaintiff and class members who could not readily discern what was truly owed, and ultimately necessitated hiring lawyers to pursue this lawsuit.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200 , SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

19.   The Defendants failed to promulgate compliant meal and rest period policies, and failed to provide meal and rest breaks at appropriate intervals, and in some cases did not provide them at all.

20.   The Defendants required employees to work seven days during a workweek, in violation of the "day of rest" provisions of Labor Code §§551-552. The Defendant also failed to pay double time compensation to plaintiff and class members for working more than 8 hours on the seventh day.

## **CLASS ACTION ALLEGATIONS**

21.   Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt and/or hourly employees, and thus seeks class certification under Code of Civil Procedure § 382.

22.   All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

23.   The proposed Class consists of and is defined as:
All current and former California employees of Defendant who  worked as laborers or any other non-exempt position during the 4 years preceding the filing of this Complaint.  The proposed sub-classes consist of and are defined as:

OVERTIME SUB-CLASS: All members of the Class who were not paid accurate overtime compensation for all hours worked in excess of eight hours per day and/or forty hours per week.

MEAL AND REST SUB-CLASS: All members of the Class who were denied meal and rest period premiums when they were entitled to them under the meal and rest period laws.

WAITING TIME SUB-CLASS: All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200 , SUITE 1200
LONG BEACH, CALIFORNIA 90802

1  within the times specified by California Labor Code §§
2  201-203 and are owed restitution for waiting time penalties deriving from wages.

3  24.    Plaintiff reserves the right to establish additional sub-classes as
4  appropriate.

5  25.    At all material times, Plaintiff was a member of the Class.

6  26.    There is a well-defined community of interest in the litigation and
7  the Class is readily ascertainable:

8  (a)    Numerosity:  The members of the class (and each subclass)
9  are so numerous that joinder of all members would be unfeasible and
10  impractical.  The membership of the entire class is unknown to

11  Plaintiff at this time; however, the class is estimated to be greater
12  than one hundred (100) individuals and the identity of such membership is
13  readily ascertainable by inspection of Defendants' employment records.

14  (b)    Typicality:  Plaintiff is qualified to, and will, fairly and
15  adequately protect the interests of each class member with whom there is a
16  shared, well-defined community of interest.  Plaintiff's claims (or
17  defenses, if any) are typical of all Class members' as demonstrated herein.

18  (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and
19  adequately protect the interests of each Class member with whom there is
20  a shared, well-defined community of interest and typicality of claims, as
21  demonstrated herein.  Plaintiff acknowledges that Plaintiff has an

22  obligation to make known to the Court any relationship, conflicts or
23  differences with any Class member.  Plaintiff's attorneys, the proposed
24  Class counsel, are versed in the rules governing class action discovery,
25  certification, and settlement.

26  (d)    Superiority:  The nature of this action makes the use of class
27  action adjudication superior to other methods.  Class action will achieve
28  economies of time, effort, and expense as compared with separate

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    lawsuits, and will avoid inconsistent outcomes because the same

2    issues can be adjudicated in the same manner and at the same time for the

3    entire class.

4        (e)    <u>Public Policy Considerations</u>: Employers in the State of

5    California violate employment and labor laws every day.  Current

6    employees are often afraid to assert their rights out of fear of direct or

7    indirect retaliation.  Former employees are fearful of bringing actions

8    because they believe their former employers might damage their future

9    endeavors through negative references and/or other means.  Class

10    actions provide the Class members who are not named in the

11    complaint with a type of anonymity that allows for the vindication of their

12    rights at the same time as their privacy is protected.

13   27.    There are common questions of law and fact as to the Class (and

14   each subclass) that predominate over questions affecting only individual

15   members, including but not limited to:

16        (a)    Whether Defendants' failure to pay overtime wages, without

17    abatement or reduction, in accordance with the California Labor Code,

18    was willful;

19        (b)    Whether Defendants' timekeeping system and policies failed

20    to record all hours worked by Plaintiffs and Class members;

21        (c)    Whether Defendants owe Plaintiffs and Class members

22        overtime pay for work over eight hours per day and/or over

23        forty hours per week;

24        (d)    Whether Defendants' conduct was willful or reckless;

25        (e)    Whether Defendants violated California Labor Code § 226 by

26    failing to timely furnish Plaintiff and Class members with accurate wage

27    statements or appropriate meal and rest periods;

28        (f)    Whether Defendants failed to timely pay all wages due to

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, . SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1    Plaintiff and Class members upon their discharge or resignation;

2        (g)    Whether Defendants engaged in unfair business practices in

3    violation of California Business & Professions Code § 17200, et seq.; and

4        (h)    The appropriate amount of damages, restitution, or monetary

5    penalties resulting from Defendants' violations of California law.

6

7                          **FIRST CAUSE OF ACTION**

8        **Violation of California Labor Code §§ 510—Unpaid Overtime**

9           **(By the Plaintiff and Class against All Defendants)**

10       28.    Plaintiff incorporates all paragraphs above as though fully set forth

11   herein.

12       29.    California Labor Code § 510 provides that employees in California

13   shall not be employed more than eight hours in any workday or forty hours in a

14   workweek unless they receive additional compensation beyond their regular

15   wages in amounts specified by law. California Labor Code § 510 further

16   provides that any work in excess of twelve hours in one day and for all hours

17   worked in excess of eight hours on the seventh consecutive day of work in a

18   workweek shall be compensated at the rate of no less than twice the regular rate

19   of pay for an employee.

20       30.    California Labor Code §§ 1194 and 1198 provide that employees in

21   California shall not be employed more than eight hours in any workday unless

22   they receive additional compensation beyond their regular wages in amounts

23   specified by law.  Additionally, California Labor Code § 1198 states that the

24   employment of an employee for longer hours than those fixed by the IWC is

25   unlawful.  The governing Wage Order of the IWC requires, among other things,

26   payment of a premium wage rate for all hours worked in excess of eight hours

27   per day or forty hours per week.

28       31.    At all times relevant hereto, Defendants failed to pay Plaintiff and

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

Class members accurate overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198 as described in more detail above.  The overtime rate was repeatedly miscalculated, as well as the double time rate by failing to include differential pay in the "regular rate" calculation.  There was also rounding that eliminated overtime in some cases for plaintiff and the class.

32.  By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class members for their overtime hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

33.  Plaintiff and Class members request recovery of overtime compensation and minimum wage compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), liquidated damages under Labor Code §1194.2, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.  Further, Plaintiff and Class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 226(a)—

### Non-compliant Wage Statements

### (By the Plaintiff and Class and against all Defendants)

34.  Plaintiff incorporates all paragraphs above as though fully set forth herein.

35.  At all material times set forth herein, California Labor Code §

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

40.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; the correct deductions; meal and rest break premiums; and the overtime hours worked by Plaintiff and Class members.

41.     Additionally, as a result of Defendants conduct as alleged herein, Defendants failed to maintain accurate records on actual hours worked by Plaintiff and Class members.  Therefore, Defendants have also violated California Labor Code § 1174.

42.     As a result of Defendants' violation of California Labor Code §§ 226(a) and 1174, Plaintiff and Class members have suffered injury and damage to their statutorily-protected rights.

43.     Specifically Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200., SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

1  they were denied both their legal right to receive, and their protected interest in

2  receiving, accurate, itemized wage statements under California Labor Code §

3  226(a).

4      44.   Plaintiff was also injured as a result of having to bring this action to

5  attempt to obtain correct wage information following Defendants' refusal to

6  comply with many of the mandates of California's Labor Code and related laws

7  and regulations.

8      45.   Plaintiff and Class members are entitled to recover from Defendants

9  the greater of their actual damages caused by Defendants' failure to comply with

10  California Labor Code § 226(a), or an aggregate penalty not exceeding four

11  thousand dollars per employee.

12      46.   Plaintiff and Class members are also entitled to injunctive relief to

13  ensure compliance with this section, pursuant to California Labor Code §

14  226(g).

15

16      **THIRD CAUSE OF ACTION**

17  **Violation of California Labor Code §§ 201-203—**

18  **Failure to Pay All Wages and on a Timely Basis**

19  **(By the Plaintiff and Class and against all Defendants)**

20      47.   Plaintiff incorporates all paragraphs above as though fully set forth

21  herein.

22      48.   As alleged herein, Plaintiffs and Class members did not receive

23  minimum, overtime and regular wages during their employment and at the time

24  of termination, as applicable.

25      49.   At all relevant times herein and as alleged herein, Defendants failed

26  to pay to Plaintiff and Class members all wages by the times required by law in

27  that the time periods set forth by California Labor Code § 204 regarding the time

28  of wage payments were not adhered to and all regular wages were not paid.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

50.   At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

51.   During the relevant time period, Defendants willfully failed to pay Plaintiffs and Class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

52.   Plaintiff's and Class members' final paychecks did not include all wages, including overtime wages, owed to Plaintiff and Class members.

53.   Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

54.   California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty days.

55.   Plaintiffs and Class members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to thirty days maximum pursuant to California Labor Code § 203.

56.   Plaintiffs and Class members seek to recover the unpaid balance of the full amount of the unpaid regular wages and interest thereon, reasonable attorneys' fees and costs of the suit to the fullest extent permissible including

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200 , SUITE 1200
LONG BEACH, CALIFORNIA 90802

1  those permitted pursuant to the California Labor Code §§ 203, 218.5, 218.6 and

2  Code of Civil Procedure § 1021.5.

3

4  ### FOURTH CAUSE OF ACTION

5  **Violation of California Labor Code §§ 226.7 and 512(a)**

6  **—Unpaid Meal Period Premiums**

7  **(By the Plaintiff and Class and against all Defendants)**

8    57.   Plaintiff incorporates all paragraphs above as though fully set forth

9  herein.

10   58.   The applicable IWC Wage Order and California Labor Code §§

11  226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

12   59.   California Labor Code § 226.7 provides that no employer shall

13  require an employee to work during any meal period mandated by an applicable

14  order of the California IWC.

15   60.   The applicable IWC Wage Order and California Labor Code §

16  512(a) provide that an employer may not require, cause or permit an employee

17  to work for a period of more than five hours per day without providing the

18  employee with an uninterrupted meal period of not less than thirty minutes,

19  except that if the total work period per day of the employee is not more than six

20  hours, the meal period may be waived by mutual consent of both the employer

21  and the employee.

22   61.   Plaintiff and Class members were required to work for periods

23  longer than five hours without an uninterrupted meal period of not less than

24  thirty minutes.  Plaintiff and Class members were not authorized or permitted

25  lawful meal periods, and were not provided with one hour's wages in lieu

26  thereof in violation of, among others, California Labor Code §§ 226.7, 512, and

27  applicable IWC Wage Orders.

28   62.   Defendants willfully required Plaintiff and Class members to work

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1  during meal periods and failed to compensate Plaintiff and Class members for
2  work performed during meal periods.

3      63.   Defendants failed to pay Plaintiff and Class members the full meal
4  period premium due pursuant to California Labor Code § 226.7.

5      64.   Defendants' conduct violates the applicable IWC Wage Orders and
6  California Labor Code §§ 226.7 and 512(a).

7      65.   Pursuant to the applicable IWC Wage Order and California Labor
8  Code § 226.7(b), Plaintiff and Class members are entitled to recover from
9  Defendants one additional hour of pay at the employee's regular hourly rate of
10 compensation for each work day that the meal period was not provided.

11
12          **FIFTH CAUSE OF ACTION**
13 **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**
14     **(By the Plaintiff and Class and against all Defendants)**

15     66.   Plaintiff incorporates all paragraphs above as though fully set forth
16 herein.

17     67.   The applicable IWC Wage Order and California Labor Code § 226.7
18 were applicable to Plaintiff's employment by Defendants.

19     68.   California Labor Code § 226.7 provides that no employer shall
20 require an employee to work during any rest period mandated by an applicable
21 order of the California IWC.

22     69.   The applicable IWC Wage Order provides that "[e]very employer
23 shall authorize and permit all employees to take rest periods, which insofar as
24 practicable shall be in the middle of each work period" and that the "rest period
25 time shall be based on the total hours worked daily at the rate of ten minutes net
26 rest time per four hours or major fraction thereof" unless the total daily work
27 time is less than three and one-half hours.

28     70.   Defendants required Plaintiff and Class members to work four or

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1   more hours without authorizing or permitting a ten minute rest period per each

2   four hour period worked.

3         71.   Defendants willfully required Plaintiff and Class members to work

4   during rest periods and failed to compensate Plaintiff for work performed during

5   rest periods.

6         72.   Defendants failed to pay Plaintiff and Class members the full rest

7   period premium due pursuant to California Labor Code § 226.7.

8         73.   Defendants' conduct violates the applicable IWC Wage Orders and

9   California Labor Code § 226.7.

10        74.   Pursuant to the applicable IWC Wage Order and California Labor

11  Code § 226.7(b), Plaintiff and Class members are entitled to recover from

12  Defendants one additional hour of pay at the employee's regular hourly rate of

13  compensation for each work day that the rest period was not provided.

14

15  ### SIXTH CAUSE OF ACTION

16  **Violation of California Business & Professions Code § 17200, et seq.**

17  **(By the Plaintiff and Class and against all Defendants)**

18        75.   Plaintiffs incorporates all paragraphs above as though fully set forth

19  herein.

20        76.   Defendants, and each of them, are "persons" as defined under

21  Business & Professions Code § 17021.

22        77.   Defendants' conduct, as alleged herein, has been, and continues to

23  be, unfair, unlawful, and harmful to Plaintiffs, Class members, and to the general

24  public.  Plaintiffs seek to enforce important rights affecting the public interest

25  within the meaning of Code of Civil Procedure § 1021.5.

26        78.   Defendants' activities, as alleged herein, are violations of California

27  law, and constitute unlawful business acts and practices in violation of California

28  Business & Professions Code § 17200, et seq.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

79.     A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

### Failing to Pay Prevailing/Minimum Wages/Overtime

80.     Defendants' failure to pay prevailing wage and overtime compensation and other benefits in violation of California Labor Code §§ 510 and 1198 constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Timely Pay Wages Upon Termination

81.     Defendants' failure to timely pay wages upon termination in accordance with California Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Accurate Itemized Wage Statements

82.     Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Accurately Record Hours Worked

83.     Defendants' failure to accurately record working hours, including the beginning and end of a meal period in accordance with California Labor Code § 558, 1174, and 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

84.     By and through their unfair, unlawful and/or fraudulent business

BUCHSBAUM & HAAG, LLLP
100 OCEANGATE, SUITE 1200, . SUITE 1200
LONG BEACH, CALIFORNIA 90802

1   practices described herein, Defendants have obtained valuable property, money
2   and services from Plaintiffs, and all persons similarly situated, and have deprived
3   Plaintiff, and all persons similarly situated, of valuable rights and benefits
4   guaranteed by law, all to their detriment.

5       85.   Plaintiff and Class members suffered monetary injury as a direct
6   result of Defendants' wrongful conduct.

7       86.   Plaintiff, individually, and on behalf of Class members, are entitled
8   to, and do, seek such relief as may be necessary to disgorge the profits which the
9   Defendants have acquired, or of which Plaintiffs have been deprived, by means
10  of the above-described unfair, unlawful and/or fraudulent business practices.
11  Plaintiffs and Class members are not obligated to establish individual knowledge
12  of the unfair practices of Defendants in order to recover restitution.

13      87.   Plaintiff, individually, and on behalf of Class members, are further
14  entitled to and do seek a declaration that the above described business practices
15  are unfair, unlawful and/or fraudulent, and injunctive relief restraining the
16  Defendants, and each of them, from engaging in any of the above-described
17  unfair, unlawful and/or fraudulent business practices in the future.

18      88.   Plaintiff, individually, and on behalf of Class members, have no
19  plain, speedy, and/or adequate remedy at law to redress the injuries which they
20  has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent
21  business practices.  As a result of the unfair, unlawful and/or fraudulent business
22  practices described above, Plaintiff, individually, and on behalf of Class
23  members, have suffered and will continue to suffer irreparable harm unless
24  Defendants, and each of them, are restrained from continuing to engage in said
25  unfair, unlawful and/or fraudulent business practices.

26      89.   Pursuant to California Business & Professions Code § 17200, et
27  seq., Plaintiff and Class members are entitled to restitution of the wages withheld
28  and retained by Defendants during a period that commences four years prior to

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, . SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    the filing of this complaint; a permanent injunction requiring Defendants to pay

2    all outstanding wages due to Plaintiff and Class members, disgorgement of

3    profits obtained through payroll tax and worker's compensation fraud; an award

4    of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and

5    other applicable laws; and an award of costs.

6

7                         **SEVENTH CAUSE OF ACTION**

8        **Violation of California Labor Code §§ 2698, et seq. ("PAGA")**

9     **(By the Plaintiffs and Aggrieved Employees and against all Defendants)**

10         90.    Plaintiffs incorporate all paragraphs above as though fully set forth

11   herein.

12         91.    California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiffs

13   to recover civil penalties for the violation(s) of the California Labor Code section

14   enumerated in California Labor Code § 2699.5.

15         92.    At all times herein set forth, PAGA was applicable to Plaintiffs'

16   employment by Defendants.

17         93.    At all times herein set forth, PAGA provides that any provision of

18   law under the California Labor Code that provides for a civil penalty to be

19   assessed and collected by the LWDA for violations of the California Labor Code

20   may, as an alternative, be recovered through a civil action brought by an

21   aggrieved employee on behalf of himself and other current or former employees

22   pursuant to procedures outlined in California Labor Code § 2699.3.

23         94.    Pursuant to PAGA, a civil action under PAGA may be brought by

24   an "aggrieved employee," who is any person that was employed by the alleged

25   violator and against whom one or more of the alleged violations was committed.

26         95.    Plaintiffs are employed by Defendant and the alleged violations

27   were committed against them during their time of employment and they are,

28   therefore, aggrieved employees.  Plaintiffs and other employees are aggrieved

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

employees as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants who are or were employed by Defendants, and one or more of the alleged violations were committed against them, as described in more detail above.

96.     Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)     The aggrieved employee shall give written notice by filing online ("Employee's Notice") to the LWDA and providing written notice by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)     The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

97.     On April 24, 2020, Plaintiffs submitted to the LWDA online as well as provided written notice by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  The LWDA has not responded.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

98.   Plaintiff satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 201, 202, 203, 204, 206, 223, 210, 218.6, 223, 226, 226(a), 226.3, 226.7, 256, 510, 512(a), 551, 552, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, and 1198, 1720.9, as well as Section VII of the Wage Order regarding recordkeeping obligations for hours worked.

99.   Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code including but not limited to the following:

(a)   Violation of California Labor Code §§ 510 and 1198 for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay as herein alleged.  In addition, a violation of 29 USC Section 207 et seq., which provides for overtime wages under Federal Law. These underpaid wages were late, in violation of Labor Code Section 204, late at termination in violation of Labor Code 201 and 202, and are subject to civil penalties due to the underlying underpayment under Labor Code Section 558.

(b)   Violation of California Labor Code § 201, 202 and 203 for failure to timely pay all wages owed upon termination as herein alleged.

(c)   Violation of California Labor Code § 226(a) and 226.3 for failing to provide wage statements which accurately show the total number of hours worked and gross wages earned, and the correct hourly rates in effect, as well as failing to include some wages on the paystub at all.

100.   Pursuant to California Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff and all other aggrieved employees are entitled to recover civil penalties

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

1  against Defendants, in addition to other remedies, for violations of California

2  Labor Code §§ 201, 202, 203, 204, 206, 223, 226(a), 226.3, 226.7, 510, 512(a),

3  551, 552, 558, 1174, 1182.12, 1194, 1197, 1198, 1771, 1775, 1776, 1777.5,

4  1720.9, 2802, and 2810.5.

5      101.   Further Plaintiff is entitled to seek and recover reasonable attorneys'

6  fees and costs pursuant to California Labor Code § 2699 and any other

7  applicable statute.

8

9

10              **PRAYER FOR RELIEF**

11      Plaintiff, individually, and on behalf of all others similarly situated, pray

12  for relief and judgment against Defendants, jointly and severally, as follows:

13                  Class Certification

14  1.       That this action be certified as a class action;

15  2.       That Plaintiff be appointed as the representatives of the Class; and,

16  3.       That counsel for Plaintiff be appointed as Class Counsel.

17           (a) That the Court declare, adjudge and decree that

18               Defendants violated California Labor Code §§ 510 and

19               1198, and applicable IWC Wage Orders by wilfully

20               failing to pay all overtime wages and prevailing wages

21               due to Plaintiff and Class members;

22           (b) For general unpaid wages at overtime wage rates and

23               such general and special damages as may be

24               appropriate;

25           (c) For pre-judgment interest on any unpaid overtime

26               compensation commencing from the date such amounts

27               were due;

28           (d) For reasonable attorneys' fees and for costs of suit

BUCHSBAUM & HAAG, LLLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    incurred herein pursuant to California Labor Code §

2    1194(a); and,

3    (e) For such other and further relief as the Court may deem

4    equitable and appropriate.

5    4.    For statutory penalties and liquidated damages under Labor Code

6    1194.2;

7    (a) For reasonable attorneys' fees and for costs of suit

8    incurred herein; and for such other and further relief as

9    the Court may deem equitable and appropriate.

10   (b) That the Court declare, adjudge and decree that

11   Defendants violated the record keeping provisions of

12   California Labor Code § 226(a) and applicable IWC

13   Wage Orders as to Plaintiff and Class members, and

14   wilfully failed to provide accurate itemized wage

15   statements thereto;

16   (c) For all actual, consequential and incidental losses and

17   damages, according to proof;

18   5.    For statutory penalties pursuant to California Labor Code § 226(e);

19   (a) For injunctive relief to ensure compliance with this

20   section, pursuant to California Labor Code § 226(g);

21   and,

22   (b) For such other and further relief as the Court may deem

23   equitable and appropriate.

24   (c) That the Court declare, adjudge and decree that

25   Defendants violated California Labor Code §§ 201, 202,

26   and 203 by wilfully failing to pay all compensation

27   owed at the time of termination of the employment of

28   Plaintiff and other terminated Class members;

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200., SUITE 1200
LONG BEACH, CALIFORNIA 90802

(d) For all actual, consequential and incidental losses and damages, according to proof;

(e) For statutory wage penalties pursuant to California Labor Code § 203 for all Class members who have left Defendants' employ;

(f) For pre-judgment interest on any unpaid wages from the date such amounts were due; and,

(g) For civil penalties and attorney's fees under PAGA

(h) For such other and further relief as the Court may deem equitable and appropriate.

(i) That the Court declare, adjudge and decree that Defendants violated the following California Labor Code §§ 510 and 1198 (by failing to provide Plaintiff and Class members all overtime compensation);

(j) dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

(k) That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiffs and Class members all overtime compensation due to them; by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay timely and earned wages upon termination; and by failing to provide accurate itemized wage statements;

(l) For restitution of unpaid wages to Plaintiffs and all Class members and prejudgment interest from the day

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, , SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    such amounts were due and payable;

2    (m) For the appointment of a receiver to receive, manage

3    and distribute any and all funds disgorged from

4    Defendants and determined to have been wrongfully

5    acquired by Defendants as a result of violations of

6    California Business & Professions Code §§ 17200 et

7    seq.;

8    (n) For reasonable attorneys' fees and costs of suit incurred

9    herein pursuant to California Code of Civil Procedure §

10   1021.5;

11   (o) For injunctive relief to ensure compliance with this

12   section, including amending company practices and

13   policies, pursuant to California Business & Professions

14   Code § 17200, et seq.; and,

15   (p) For such other and further relief as the Court may deem

16   equitable and appropriate.

17

18

19   Respectfully Submitted,

20

21   Dated:  August 10, 2020    THE LAW OFFICES OF BUCHSBAUM &
                                HAAG

22   Limited Liability Partnership

23

24   By _____

25   Brent S. Buchsbaum, Attorneys for Plaintiffs

26

27   //

28   //

1

2 ## **DEMAND FOR JURY TRIAL**

3

4     Plaintiff hereby respectfully demands a jury trial.

5

6                                   Respectfully Submitted,

7 Dated: August 10, 2020        THE LAW OFFICES OF BUCHSBAUM &

8                                     HAAG

9                                     Limited Liability Partnership

10

11                                     By _____

12                                     Brent S. Buchsbaum, Attorneys for Plaintiffs

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1

## CERTIFICATE OF SERVICE

2

3       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 100 Oceangate, Suite 1200, Long Beach, California 90802.

4

5       On August 10, 2020, I served the foregoing document described as:

6       **FIRST AMENDED CLASS AMENDED COMPLAINT**

7

8       The true copies thereof were enclosed in a sealed envelope and addressed as follows:

9

**Counsel for Defendant, Solar Turbines, Inc**.

10   **Rebecca Aragon**
    **Helen Braginsky**

11   **LITTLER MENDELSON, P.C.**
    **633 West 5th Street, 63rd Floor**

12   **Los Angeles, California 90071**

13   Telephone:  (213)433-4300
    Facsimile:  (213)443-4299

14   E-Mail:      raragon@littler.com
                hbraginsky@littler.com

15

16   **XX**   **BY CM/ECF:** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document(s).  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

17

18

19

20

21   ___   **BY MAIL:** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business.  On this date, I served the above interested parties following my employer's ordinary business practices.

22

23

24

25   ___   **BY OVERNIGHT DELIVERY**: I caused such envelope to be delivered via overnight delivery (FedEx) addressed as indicated above for deposit and delivery by The Law Offices of Carlin & Buchsbaum, LLP, following ordinary business practices

26

27   ___   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

28

___ **BY FACSIMILE:** I caused such document to be served on all parties to this action via facsimile at the numbers indicated on the attached service list. The facsimile machine I used complied with Rule 2003 and no error was reported by the machine.  Pursuant to Rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this document.

**XX**   **(FEDERAL)** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed, August 10, 2020, at Long Beach, California.

/s/ Brent S. Buchsbaum
BRENT S. BUCHSBAUM, Declarant