UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ, individually, and as a representative of other aggrieved employees,<br><br>   Plaintiff,<br><br>v.<br><br>SOLAR TURBINES, INC., a corporation; and DOES 1 through 250, inclusive,<br><br>   Defendants. | Case No.: 3:20-cv-01156-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs (ECF No. 40) filed by Plaintiff Jose Diaz.

**I.   PROCEDURAL BACKGROUND**

   On April 30, 2020, Plaintiff Jose Diaz, individually, and as a representative of other aggrieved employees, filed a Class Action Complaint in the Superior Court for the State of California, County of Los Angeles, against Defendants Solar Turbines, Inc. (hereinafter "Defendant") and Does 1 through 250. (ECF No. 1-2 at 4). On June 12, 2020, Defendant

removed the action to the United States District Court for the Central District of California. (ECF No. 1). On June 23, 2020, the action was transferred to this Court. (ECF No. 16).

On August 12, 2020, Plaintiff filed an Amended Class Action Complaint. (ECF No. 23). The Amended Class Action Complaint brings the following claims against Defendant: (1) failure to pay overtime compensation in violation of Section 510;[1] (2) failure to provide accurate wage statements in violation of Section 226(a); (3) failure to pay wages due at termination in violation of Sections 201-203; (4) failure to pay meal period premiums in violation of Sections 226.7 and 512(a); (5) failure to pay rest period premiums in violation of Section 226.7; (6) unfair business practices in violation of California Business & Professions Code Section 17200, et seq.; and (7) enforcement of civil penalties under Section 2698, et seq. Plaintiff seeks to represent a class of employees who worked for Defendant. The Amended Class Action Complaint requests declaratory and injunctive relief, the recovery of unpaid wages and other damages, statutory penalties, restitution, interest, and attorney's fees and costs.

On November 5, 2021, Plaintiff filed a Notice of Settlement. (ECF No. 34). On December 21, 2021, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement. (ECF No. 36). On February 3, 2022, the Court issued an Order granting the Motion for Preliminary Approval of Class Action Settlement. (ECF No. 37). The Court preliminarily approved the Joint Stipulation of Class and Representative Action Settlement and Release (the "Settlement Agreement") and the Notice of Class Action Settlement; appointed Simpluris, Inc. ("Simpluris") as the Claims Administrator; appointed Brent S. Buchsbaum and Laurel Haag of the Law Offices of Buchsbaum & Haag, LLP, as Class Counsel; and appointed Plaintiff Jose Diaz as Class Representative.

---

[1] Unless indicated otherwise, all statutory references in this Order are to provisions of the California Labor Code.

On June 30, 2022, Plaintiff filed the unopposed Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs. (ECF No. 40). On August 4, 2020, the Court held a Final Approval Hearing. No Class Member appeared.

## II. TERMS OF THE PROPOSED SETTLEMENT

The Settlement Agreement defines "Class Members" as "all individuals who worked for Defendant as a non-exempt employee at any time during the period from April 30, 2016 through the date of the Preliminary Approval Order and who did not release his or her claims prior to the date of the Preliminary Approval Order." (ECF No. 36-3 ¶ 6). "Settlement Class Members" is defined as "Plaintiff and all other Class Members who do not submit a valid and timely Request for Exclusion." (*Id.* ¶ 36). "'Aggrieved Employees" is defined as "all individuals who worked for Defendant as a non-exempt employee at any time during the period from April 13, 2019 through preliminary approval." (*Id.* ¶ 2). The appointed Claims Administrator, Simpluris, estimated that there are 2,272 Settlement Class Members. (*See* ECF No. 40-4 ¶ 12).

Under the terms of the Settlement Agreement, the "Maximum Settlement Amount" is $1,800,000. (ECF No. 36-3 ¶ 20). The Maximum Settlement Amount is defined as "the maximum amount Defendant shall have to pay in connection with this Settlement, which shall be inclusive (without limitation) of all Individual Settlement Payments to Settlement Class Members and/or Aggrieved Employees, the Attorneys' Fees and Expenses, the Class Representative Service Award, Settlement Administration Costs, and the [California Private Attorneys General Act of 2004 ("PAGA")] Payment." (*Id.*).

The Settlement Agreement provides that following the Court-approved deductions from the Maximum Settlement Amount,[2] "Individual Settlement Payments shall be paid"

---

[2] The parties estimate the following deductions from the Maximum Settlement, subject to Court approval: $465,000 for Attorneys' Fees and Expenses; $10,000 for Plaintiff's Class Representative Service Award; $20,826 for Settlement Administration Costs; and 75% of $20,000 for the PAGA Payment. The remaining 25% of the PAGA Payment "shall be distributed to Aggrieved Employees as part of their Individual Settlement Payments." (*Id.* ¶ 49(d)). In the event that the Court awards less than the requested Attorneys'

from the remaining amount (the "Net Settlement Amount") "to each Settlement Class Member and Aggrieved Employee." (*Id.* ¶¶ 16, 49(a)). The Individual Settlement Payments are calculated on a pro rata basis, based on "the total number of weeks each Settlement Class Member or Aggrieved Employee performed work during the Class Period and/or PAGA period." (*Id.* ¶¶ 10, 49(a)(i)).

The Net Settlement Amount is currently estimated at $1,288,641. (*See* ECF No. 40-4 ¶ 12). The highest Individual Settlement Payment is estimated to be approximately $1,098.75, and the average Individual Settlement Payment is estimated to be approximately $566.19. (*See id.*).

Mary Butler, a Case Manager employed by Claims Administrator Simpluris, stated in a Declaration that "[o]n March 16, 2022, Counsel for Defendant provided Simpluris with a mailing list containing the name, last known address, Social Security Number, and pertinent employment information during the Class Period for the Class Members" that "contained data for 2,276 unique Class Members." (*Id.* ¶ 6). "On April 13, 2022, after updating the mailing addresses through the [National Change of Address Database], Notice Packets were mailed via First Class Mail" to all 2,276 Class Members. (*Id.* ¶ 8). "The Notice Packet advised Class Members of their right[s]" and "advised Class Members of applicable deadlines and other events." (*Id.* ¶ 5).

As of June 23, 2022, "142 Notice Packets were returned by the post office." (*Id.* ¶ 9). 120 Notice Packets were "re-mailed to either a newfound address, with forwarding addresses provided by the United States Postal service or at the request of the Class Member" and 22 Notice Packets remain undeliverable. (*Id.*). As of June 23, 2022, "Simpluris received 4 requests for exclusion from the Settlement" and no objections. (*Id.* ¶¶ 10-11). The Settlement Class Members represent approximately 99.8% of the proposed Class.

---

Fees and Expenses, "the difference shall become part of the Net Settlement Amount and shall be distributed to Settlement Class Members as part of their Individual Settlement Payments." (*Id.* ¶ 49(c)).

Plaintiff requests that the Court award $21,359 in administrative costs to Simpluris, the Claims Administrator. Simpluris was responsible for "(a) printing and mailing the [Notice Packet]; (b) receiving undeliverable Notice Packets; (c) receiving [ ] requests for exclusion; (d) and answering questions from Class Members" via a toll-free telephone line. (*Id.* ¶ 3). "If the Court grants final approval of the Settlement, Simpluris will be responsible, among other things, for: "(e) calculating individual Settlement payments, distributing funds, and tax-reporting following final approval; (f) mailing Settlement checks; (g) and for such other tasks as the Parties mutually agree or the Court orders Simpluris to perform." (*Id.*).

Plaintiff requests an award of attorneys' fees of $450,000—25% of the Maximum Settlement Amount—and reimbursement of Class Counsel's litigation costs of $13,953. (*See* ECF No. 40 at 24). Attorney Brent S. Buchsbaum stated in a Declaration that Class Counsel spent approximately 281 hours to litigate the action at a billing rate of $695 per hour. (*See* ECF No. 40-1 ¶ 55; ECF No. 40-2 at 2-3). Litigation costs were composed of the mediation fee, filing fees, expert consultation fees for analysis of class data, and various filing and copying costs. (*See* ECF No. 40-1 ¶ 56; ECF No. 40-2 at 5-6). Plaintiff requests $10,000 for Plaintiff's Class Representative Service Award. (*See* ECF No. 40 at 24).

### III.    CLASS CERTIFICATION

Plaintiff contends that certification of the proposed Class for the purposes of settlement is appropriate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that the numerosity requirement is satisfied because there are "2272 current and former non-exempt employees" who are Settlement Class Members. (*Id.* at 25). Plaintiff contends that the commonality and predominance requirements are satisfied because "there are common questions of fact and law arising from … Defendant's allegedly improper" practice that predominate over individual questions. (*Id.* at 25-26). Plaintiff contends that the typicality requirement is satisfied because Plaintiff was an hourly non-exempt employee of Defendant and was "subject to Defendant's challenged" practices. (*Id.*

at 26). Plaintiff contends that the adequacy requirement is satisfied because "there is no conflict of interest between Plaintiff and the proposed Settlement Class." (*Id.*).

Plaintiff requests certification of the following Settlement Class: "All individuals who worked for Defendant in California as a non-exempt employee at any time during the period from April 30, 2016 through preliminary approval (February 3, 2022)." (ECF No. 40-6 at 2).

To approve the settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the proposed Class must be certified for the purposes of settlement. *See* Fed. R. Civ. P. 23(e) (permitting settlement of "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement"); *see also Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003) (addressing the propriety of class certification in examining decision to approve settlement). Parties seeking class certification must satisfy each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b). *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011). In this case, Plaintiff seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although there is no absolute threshold, courts generally find numerosity satisfied when the class includes at least forty members. *See, e.g., Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 588 (S.D. Cal. 2010). In this case, the appointed Claims Administrator, Simpluris, estimated that there are 2,272 Settlement Class Members. (*See* ECF No. 40-4 ¶ 12). The Court finds that Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1).

To satisfy Rule 23(a)(2), a party seeking class certification must demonstrate that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The core

concern of the inquiry is that the common contention at the heart of the claims be "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Under Rule 23(b)(3), Plaintiffs must further show that the common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Though there is substantial overlap between [the Rule 23(a)(2) commonality test and the Rule 23(b)(3) predominance tests], the [Rule] 23(b)(3) test is 'far more demanding.'" *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997)).

The claims in this case stem from Defendant's widespread employment practices, including Defendant's issuance of allegedly erroneous wage statements, Defendant's policies regarding the rounding of time, and Defendant's meal and rest break practices. The class-wide claims rely on common evidence and turn on the resolution of factual and legal issues associated with Defendant's general employment practices. Little individualized inquiry appears necessary. The Court finds that Plaintiff has satisfied the commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3). *See Staton*, 327 F.3d at 954 (affirming finding of commonality of challenged practices that were "widespread and entrenched").

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) *overruled on other grounds by Dukes*, 564 U.S. at 338. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Plaintiff was an hourly non-exempt employee of

Defendant who was injured by the employment practices that form the basis for the class-wide allegations. (*See* ECF No. 40-3 ¶¶ 2-4). The Court finds that Plaintiff has satisfied the typicality requirement of Rule 23(a)(3).

The adequacy requirement of Rule 23(a)(4) is satisfied if the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether the adequacy requirement has been met, courts ask: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton*, 327 F.3d at 957. The record reflects no evidence of any conflict of interest between Plaintiff and the Settlement Class. The record further reflects that Plaintiff has prosecuted this action vigorously—the "proposed settlement came to fruition only after substantial legal research and analysis, extensive investigation, the exchange and analysis of a significant amount of sampling and class data, the hiring of an expert statistician, and extensive arm's-length settlement negotiations at a private mediation with Tripper Ortman, an experienced and well-regarded wage and hour class action mediator." (ECF No. 40-1 ¶ 11). The Court finds that Plaintiff has satisfied the adequacy requirement of Rule 23(a)(4).[3]

All the requirements of Rule 23(a) and 23(b)(3) have been satisfied. The Court certifies the proposed Class for the purposes of settlement.

## IV.     FAIRNESS OF THE SETTLEMENT

Plaintiff contends that the proposed settlement is "fair, reasonable, and adequate." (*Id.* at 9). Plaintiff contends the parties "engaged in a significant amount of investigation, informal discovery, and class-wide data analysis" prior to reaching the proposed settlement." (*Id.* at 20). Plaintiff contends that his "ability to certify and prevail on his

---

[3] Consideration of whether the Settlement Agreement itself was the result of disinterested representation "is better dealt with as part of the substantive review of the settlement than under the Rule 23(a) inquiry." *Staton*, 327 F.3d at 958.

claims was far from guaranteed" and that settlement "avoids those risks and the accompanying expense." (*Id.*). Plaintiff contends that "[w]hile the gross exposure was over $13 million … the $1.8 million settlement … is a reasonable settlement given the risks involved." (*Id.* at 21). Plaintiff contends that he is "represented by experienced wage and hour class action counsel who collectively have more than two decades of wage and hour class action experience, and who have successfully served as lead counsel in certifying and settling numerous class actions." (*Id.* at 22). Plaintiff contends that the proposed settlement is within the range of reasonableness, resulted from an arm's-length negotiation, and is devoid of obvious deficiencies.

"To guard against th[e] potential for class action abuse, Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing Fed R. Civ. P. 23(e)(2)). Courts consider several factors in determining the fairness of a proposed settlement, including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction [to] the class members of the proposed settlement.

*Id.* at 946 (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 5757 (9th Cir. 2004)). "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Just. v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). However, a "higher level of scrutiny for evidence of

collusion or other conflicts of interest" is appropriate for settlements reached prior to class certification. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 946.

Plaintiff faces multiple hurdles to prevailing on his claims, including class certification, the possibility of summary judgment, and trial. The record reflects that Defendants maintain several defenses to Plaintiff's claims that could foreclose certification, negate liability, or reduce Plaintiff's ultimate recovery. The Court concludes that the strength of Plaintiff's case, the risk, expense, complexity, and likely duration of further litigation, and the risk of maintaining class action status throughout the trial weighs in favor of approval.

Under the terms of the Settlement Agreement, the "Maximum Settlement Amount" is $1,800,000. (ECF No. 36-3 ¶ 20). The Net Settlement Amount is currently estimated at $1,288,641. (*See* ECF No. 40-4 ¶ 12). The highest Individual Settlement Payment is estimated to be approximately $1,098.75, and the average Individual Settlement Payment is estimated to be approximately $566.19. (*See id.*). While Class Counsel estimates the total potential recovery on all claims to be over $13 million (*see* ECF No. 40-1 ¶ 38), "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Just.*, 688 F.2d at 628. Weighed against the strength of Plaintiff's case, the proposed settlement amount provides a fair resolution of the claims in this case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (holding that an award of roughly one-sixth of the potential recovery was fair and adequate).

Class Counsel have expended approximately 281 hours of time in litigating the action for over two years. (*See* ECF No. 40-1 ¶ 55; ECF No. 40-2 at 2-3). "This proposed settlement came to fruition only after substantial legal research and analysis, extensive investigation, the exchange and analysis of a significant amount of sampling and class data, the hiring of an expert statistician, and extensive arm's-length settlement negotiations at a private mediation with Tripper Ortman, an experienced and well-regarded wage and hour class action mediator." (ECF No. 40-1 ¶ 11). The parties' extensive investigation, informal

discovery, and subsequent mediation weigh in favor of approval. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) ("In the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement") (quoting *In re Chicken Antitrust Litig.*, 669 F.2d 228, 241 (5th Cir. 1982)).

Class Counsel Brent S. Buchsbaum stated in a Declaration that he has worked in the area of employment law for twenty years, has litigated hundreds of wage and hour disputes, and has been approved as class counsel in more than ten class action settlements within the last 36 months. (*See* ECF No. 40-1 ¶¶ 3, 6). Counsel states that he "believe[s] that the proposed settlement in this case is fair, reasonable, and adequate." (*Id.* ¶ 60). The experience and views of Class Counsel weigh in favor of approval.

Only four individuals have opted out of the settlement, and no objections to the settlement have been made. (*See id.* ¶¶ 10-11). The reaction of the Class Members to the proposed settlement weighs in favor of approval. *Cf. Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976) ("The opposition of a significant number of the members of the class to a proposed settlement is a factor to be considered when approving a settlement.") (citations omitted).

Under the Settlement Agreement, the payment of $450,000 in attorneys' fees is not separate and apart from class funds and fees not awarded "shall become part of the Net Settlement Amount and shall be distributed to Settlement Class Members as part of their Individual Settlement Payments." (ECF No. 36-3 ¶ 49(c)); *see In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 947 (stating that signs of collusion include when counsel receive a disproportionate distribution, when the parties provide for the payment of fees separate and apart from class funds, and when the parties arrange for fees not awarded to revert to the defendants). There is no other evidence of collusion or conflict of interest in the record and the participation of a mediator in reaching the settlement in this case "weigh[s] in favor of a finding of non-collusiveness." *In re Bluetooth Headset Prods. Liab.*

*Litig.*, 654 F.3d at 948. The Court finds that the settlement is fundamentally fair, adequate, and reasonable, and that no evidence of collusion or conflict of interest exists.

## V. ATTORNEYS' FEES AND COSTS

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941. "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to determine the reasonableness of the award. *Id.* at 942.

Class Counsel requests an award of attorneys' fees of $450,000—25% of the Maximum Settlement Amount. (*See* ECF No. 40 at 24). Under the percentage-of-recovery method, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942 (quoting *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). However, "[s]election of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Viscaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). This case involves a relatively moderate settlement amount of $1.8 million, which supports a standard 25% award. *Cf. In re Bluetooth*, 654 F.3d at 942 (explaining that in cases with nine-figure "megafunds," a 25% attorneys' fee award is often inappropriate).

The reasonableness of a percentage-of-recovery fee award can also be determined by cross-checking the amount of the award against the amount that would be awarded under the lodestar method. *See Viscaino,* 290 F.3d at 1050-51. In this case, because Class Counsel's hourly rate and time expended is reasonable, the lodestar method would generate a fee award of $195,295. While the lodestar figure is lower than the requested award, this discrepancy is reasonable in light of the significant risk involved in litigating this action

and the complexity of the claims. *See id.* (affirming a contingency award 3.65 times larger than the lodestar figure in recognition of the fact that a contingency award must account for risk of nonpayment should the defendant prevail). The Court concludes that nothing in this case requires departure from the 25% standard award. The Court approves the request for attorneys' fees in the amount of $450,000.

Class Counsel further requests reimbursement of $13,953 in litigation costs and provides a chart itemizing these costs. (*See* ECF No. 40-2 at 5-6). Class Counsel is entitled to reimbursement of the out-of-pocket costs reasonably incurred in investigating and prosecuting this case. *See Staton*, 327 F.3d at 974. The Court approves the request for litigation costs and expenses in the amount of $13,953.

## VI. ADMINISTRATIVE COSTS

Plaintiff requests that the Court award $21,359 in administrative costs to Simpluris, the Claims Administrator. Simpluris was responsible for "(a) printing and mailing the [Notice Packet]; (b) receiving undeliverable Notice Packets; (c) receiving [ ] requests for exclusion; (d) and answering questions from Class Members" via a toll-free telephone line. (ECF No. 40-4 ¶ 3). "If the Court grants final approval of the Settlement, Simpluris will be responsible, among other things, for: "(e) calculating individual Settlement payments, distributing funds, and tax-reporting following final approval; (f) mailing Settlement checks; (g) and for such other tasks as the Parties mutually agree or the Court orders Simpluris to perform." (*Id.*). Courts regularly award administrative costs associated with providing notice to the class. *See, e.g., Vasquez v. Kraft Heinz Foods Co.*, 3:16-cv-2749-WQH-BLM, 2020 WL 1550234, at *8 (S.D. Cal. Apr. 1, 2020). The Court concludes that Simpluris' costs were reasonably incurred for the benefit of the Class and approves the request for administrative costs in the amount of $21,359.

## VII. INCENTIVE AWARD

Incentive awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their

willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have applied the five-factor test set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995), which weighs: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., Vasquez*, 2020 WL 1550234, at *9.

In his Declaration, Plaintiff Jose Diaz states that Plaintiff "spent considerable time in connection with [his] duties as class representative," including time spent attending a 12-hour mediation, providing Class Counsel with documents, identifying witnesses, and reviewing various materials. (ECF No. 40-3 ¶ 5). The amount of time and effort spent by Plaintiff, the two-year duration of the litigation, and the lack of any other personal benefit to Plaintiff, who is no longer employed by Defendant, supports a finding that the incentive award is within the acceptable range of approval and is not the result of collusion. The Court approves the request for an incentive award to Plaintiff in the amount of $10,000. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463 (approving incentive awards totaling $10,000 in connection with $1.725 million settlement that involved 5,400 class members).

## VIII.   CONCLUSION

IT IS HEREBY ORDERED that Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs (ECF No. 40) filed by Plaintiff Jose Diaz is granted as follows:

1. The Court approves the Settlement memorialized in the Joint Stipulation of Class and Representative Action Settlement and the Notice of Class Action Settlement.
2. The Court certifies the following Settlement Class for settlement purposes only pursuant to Rule 23 of the Federal Rule of Civil Procedure:

"All individuals who worked for Defendant in California as a non-exempt employee at any time during the period from April 30, 2016 through preliminary approval (February 3, 2022)."

3. The Court finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court further finds that the Settlement is fair, reasonable, and adequate. All capitalized terms used in this Order shall have the same defined meanings as set forth in the Joint Stipulation of Class Action Settlement and Release, unless stated otherwise.

4. The Court finds that there were four (4) opt outs from the settlement: Ronald Stachewicz, Weston Acosta, Ketsada Narong and Jannromeo Zaragoza. The court further finds that there were no objectors to the settlement.

5. The Court appoints Brent S. Buchsbaum and Laurel Haag of the Law Offices of Buchsbaum & Haag, LLP, as Class Counsel.

6. The Court appoints Jose Diaz as Class Representative.

7. The Court appoints Simpluris, Inc. as the Claims Administrator.

8. The Court approves Class Counsel's request for Attorney's Fees in the amount of $450,000 and Costs in the amount of $13,953.

9. The Court approves Class Counsel's request for the Enhancement Award to representative Jose Diaz in the amount of $10,000.

10. The Court approves the Claims Administration Fee to be paid to Simpluris in the amount of $21,359.

11. The Court approves the PAGA Payment of $20,000, with $15,000 to be paid to the Labor and Workforce Development Agency and the remainder to the Class as set forth in the Joint Stipulation.

12. The Court hereby retains continuing jurisdiction over the implementation and enforcement of the Settlement.

13. The Court will enter final judgment in this case. No later than twenty (20) days from the date this Order is filed, the parties shall file a proposed judgment.

Dated: August 8, 2022

Hon. William Q. Hayes
United States District Court

16

3:20-cv-01156-WQH-KSC